Giiben, J.
delivered the opinion of the court.
This is an action of debt brought by Bowman against Wm. Crouch and Thomas B. Emmerson, partnei's, trading under the firm of Crouch & Emmerson, and David W. Carter and James H. Jones, partners, trading under the firm of Carter & Jones, upon the following note:
“$255. — On or before the first day of June, we promise to pay Daniel Bowman two hundred and fifty-five dollars, in par money, for value received, April 3d, 1837.
CROUCH & EMMERSON,
CARTER & JONES.”
*211 Crouch & Emmerson pleaded severally non est factum, and Carter & Jones pleaded payment.
On the trial it was proved, that James H. Jones, a member of the firm of Carter & Jones, executed the said note, and signed the name of Carter & Jones, as also the name of Crouch & Emmerson. It was also proved, that Crouch & Emmerson was the name of a firm doing business in Jonesborough, and that Carter & Jones was the name of another firm doing business in said town, and that these two firms were in partnership in sending flour down the river in 1836 and 1837. The plaintiff below was a miller and dealt in flour.
The plaintiff gave in evidence a receipt executed to Crouch, Emmerson &f Co. by J. & W. K. Blair; and an order from Wm. H. Crouch to Mr. Jones to pay Daniel Bowman $125, and stating that he had bought one hundred barrels of flour, and that the balance must be paid in par money.
The jury found a verdict against all the defendants, upon which judgment was rendered, and from which Crouch & Em-merson appealed in error to this court. The question is, whether the issue on the plea of non est factum was properly found by the jury against Crouch & Emmerson. Every partner is an agent of the partnership, and may transact business in its name, and in all simple contracts relating to the business of the partnership, he may bind all the members of the firm. Butin order to do this, he must act in the name of the firm, and in signing-notes, bills, &c. he must subscribe the name of, or style by which they are known as a firm, and in which they do business. Judge Story says, (Com. on Part. sec. 102,) “All such contracts and engagements, acts and things, he has authority to make ordo in the name of the firm; and indeed to bind the firm, they must ordinarily be made and done in the name of the firm, otherwise they will bind the individual-partner only, who executes them as his own private acts, contracts or things.” Pothier says, (Story on Part. sec. 102,) “Whatever may be the authority of a partner, in order that a debt contracted by him should bind his partners, it is necessary that it should be contracted in the name of the firm.” Mr. Erskine says, (Ersk. Inst. B. 3, Tit. 3 sec. 20, See Story on Part, note 2 p. 154,) “According to *212 our present practice, the partners in private companies generally assume to themselves a firm name, proper to their own company, by which they may be distinguished in their transactions; and in all deeds subscribed by this name of distinction, every partner is, by the nature of co-partnery, understood to be intrusted with a power from the company, of binding them. Any one partner, therefore, who signs a bill or other obligation, by the company’s firm, obliges all the partners; but where he subscribes a deed by his own proper subscription, the creditor, who followed his faith alone in the transaction, hath no action against the company, unless he prove that the money lent or advanced by him was thrown into the common stock.” “But” says chancellor Kent, (2 Comm. 41,) “if a bill or note be drawn by one partner, in his own name only, and without appearing to be on partnership account, or if one partner borrow money on his own security, the partnership is not bound by the signature, even though it was made for a partnership purpose, or the money applied to a partnership use.” But it is otherwise, if the bill be drawn by the partner upon the firm, in his own name, upon partnership account.
It is not enough, therefore, in this case, that Jones had power to bind Emmerson, Carter and Crouch, as well as himself, by his signature; unless he subscribed the name of the firm, the partners are not bound.
. If two persons are in partnership, doing business in the firm name of Doe &Roe, and John Doe, one of the partners, executes a note, signing his own name, John Doe, and under that, as a distinct signature, the name of Richard Roe his partner, the latter will not be bound by such signature. Prima facie it is not a partnership, but an individual transaction. In order to make both liable, it must be shown by the plaintiff, that the money or goods, that constituted the consideration of the note, went into the partnership concern, as part of the common stock. This being proved, both are liable, although Doe signed his own name only to the note.
A partnership does not create the partners agents to bind the other partners, except by acts done in the firm name. In this case the firm name of the partnership for sending flour down *213 the river was not used. There is no express testimony as to what was the style of the partnership; but the receipt produced by the plaintiff, executed by the Blairs, styles it Crouch, Em-merson & Co. Certainly a member of the firm of Crouch, Emmerson & Co., as such, had no power, by subscribing the name of Crouch & Emmerson, to bind that firm, or any member of it, and consequently the issue upon the plea' of non est factum should have been found in favor of the defendants.
If one individual member of a firm could, by subscribing the individual name of such member of the firm, bind them all, he could, by subscribing the name of any one of them, bind that one; a consequence, from a partnership, most absurd and mischievous.
Wo are, therefore, of opinion there is error in this record, and that the judgment should be reversed.